# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer *RRP* | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 3033 | **DATE** | June 9, 2011 |
| **CASE TITLE** | Darnell Tipton (A-01054) v. IDOC Director, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's affidavit [4] is construed as a motion for leave to proceed *in forma pauperis* and is denied pursuant to 28 U.S.C. § 1915(g). The complaint is summarily dismissed for Plaintiff's failure to advise the court that he had "struck out." All pending motions are denied. This case is closed. If Plaintiff seeks to file another complaint, either on the issues raised herein or on other bases, and seeks to proceed *in forma pauperis*, he must notify the court that he has struck out and that he is in imminent danger of serious bodily injury. § 1915(g). All pending motions are denied.

■ [**For further details see text below.**]   Docketing to mail notices.

## STATEMENT

Plaintiff, Darnell Tipton, an inmate at the Stateville Correctional Center, has filed a 42 U.S.C. § 1983 action against Stateville Officers Woods and McNeal, Internal Affairs Officer Foster, two assistant wardens, Governor Pat Quinn, Illinois Attorney General Lisa Madigan, and the Illinois Department of Corrections Director. (*See* Complaint). His complaint alleges claims of failure to protect, as well as discrimination in the assignment of prison jobs. (*Id.*) After filing his complaint, Plaintiff filed several additional pleadings in an effort to submit exhibits and repeat or expand on his complaint. (*See* Doc. 5, 6, 7.) As the court understands his rambling pleadings, Plaintiff has alleged claims of failure to protect and discrimination or retaliation. Specifically, he alleges that another inmate has bulled him and others and is on several "enemies" lists. According to Plaintiff, the inmate bully has threatened to harm Plaintiff and kill him. (Complaint at 4-6.) Officers Woods and McNeal allowed the other inmate to walk in the same chow line as Plaintiff. (*Id.* at 8.)

Plaintiff further alleges that he has been discriminated against by being passed over for certain prison jobs. (*Id.* at 7.) In one of Plaintiff's later-filed pleadings, he states that "unapproved" inmates are getting prison jobs, while "approved" inmates are not being reinstated to certain jobs. (Doc. #5, "Motion, It's Not What I Say But What I Can Prove, Job Discrimination.") Plaintiff further states that he is being discriminated against because his prison job was not reinstated when he returned to Stateville after a short transfer to Menard Correctional Center, while a prison job was reinstated for a white inmate who also returned after a brief transfer. (Doc. 7 at 1-2.) In another pleading, Plaintiff states that Officer McNeal was removed from X-House and that Officer Woods should be removed as well. (Doc. #7, Motion to Remove All Parties, at 1.) His most recent filing asserts that he has more information about not being able to get a job allegedly because of discrimination. (Doc. #8, "New Information on Job Discrimination.")

Plaintiff seeks to file his complaint *in forma pauperis*. A review of court records, however, reveals that he has had at least three prior suits dismissed as either frivolous aor malicious or for failure to state a claim. *See Tipton v. Roth*, No. 91 C 4085 (Order of Aug. 5, 1991) (Plunkett, J.); *Tipton v. O'Malley*, No. 93 C 6313 (Order of Nov. 23, 1993) (Shadur, J.); *Tipton v. King*, No. 09 C 47 (Order of March 9, 2009) (Pallmeyer,J.).
**(CONTINUED)**

isk

| STATEMENT (continued) |
|---|

The Prison Litigation Reform Act ("PLRA") prohibits a prisoner from filing a civil action or appealing a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In *Tipton v. Hosey*, No. 09 C 3325 (Order of June 23, 2009) (Pallmeyer, J.), this court advised Plaintiff that he had accumulated at least three strikes. Despite his knowledge that he has struck out, he seeks leave to proceed *in forma pauperis* but does not disclose that he has received three strikes. Nor does the section of his complaint that asks about prior lawsuits include information about his prior suits; instead, he simply repeats information about the current suit. (Complaint at 3.) Plaintiff's failure to provide such information in his pleadings requires dismissal. See *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999). The complaint is accordingly dismissed with prejudice.

Plaintiff would be permitted to proceed despite his three-strike status if he were in imminent danger. Allegations of a threat of force or death by a fellow inmate might satisfy that requirement, *see Chaves v. Chappius*, 618 F3d 162, 170 (2nd Cir. 2010) (a beating and a threat of more beatings by prison officers would establish § 1915(g) imminent danger), but Plaintiff's allegations in this case do not indicate imminent danger. He alleges that one inmate bullies him and a number of other inmates, and his pleadings focus on a single incident in which Officers McNeal and Woods allegedly "set up" the Plaintiff by allowing the inmate bully to be in a chow line at the same time as Plaintiff. (Complaint at 4-5, 8.) "Imminent danger" requires a "real and proximate" threat, however. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Past threats and conclusory allegations of a current one are insufficient. *Id.* Any inference that Plaintiff faces a current imminent threat is undermined by Plaintiff's subsequent pleadings in which he emphasizes his being denied a desired prison job. (Doc. #7 at 2; Doc. #8.) The court concludes that Plaintiff has not established imminent danger sufficient to overcome the three-strikes bar. Accordingly, this case, in which Plaintiff seeks to proceed *in forma pauperis* but provides no information about his prior strikes, is dismissed. *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999).